**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

SARA MUÑOZ-MELÉNDEZ,

    **Plaintiff**

      v.

DILLARD-LEWIS, INC.,

    **Defendant**

**CIVIL NO.** 25-1367 (RAM)

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge.

Pending before the Court is Defendant Dillard-Lewis, Inc. ("Dillard-Lewis" or "Defendant")'s *Motion to Dismiss* coupled with *Motion to Transfer* ("*Motion*"). (Docket No. 37). Having reviewed Docket No. 37 and the subsequent briefing, the Court hereby **DENIES** the *Motion to Dismiss* and **GRANTS** the *Motion to Transfer*.

## I. PROCEDURAL BACKGROUND

On June 12, 2025, Plaintiff Sara Muñoz-Meléndez ("Muñoz-Meléndez" or "Plaintiff") filed a *Complaint* in the Puerto Rico Court of First Instance against Dillard-Lewis. (Docket No. 19-1). Plaintiff claims that Dillard-Lewis unlawfully terminated her employment after many years of service, capping off a pattern of discrimination and harassment by Dillard-Lewis employees based on Plaintiff's age, race, and gender. Id. at 3-6. Plaintiff alleges

she was treated disrespectfully, disobeyed by inferiors, and sworn at in text messages. Id. at 4. Plaintiff bases her causes of action on several Puerto Rico laws, including Acts 80, 100, and 115, as well as the federal Age Discrimination in Employment Act ("ADEA"). Id. Plaintiff claims that she suffered through a hostile work environment, was given unequal pay despite her superior work performance, and subjected to retaliatory termination for complaining about the discrimination she faced. Id.

Dillard-Lewis filed a *Notice of Removal* on July 11, 2025, bringing the suit to this District on the basis of diversity and federal question jurisdiction. (Docket No. 1 at 3-7). On August 6, 2025, Plaintiff filed a *Motion for Remand*. (Docket No. 14). Plaintiff stated that her federal ADEA claim was subsidiary to the counts based in Commonwealth law, and that she planned to withdraw it by amending the *Complaint*. Id. at 5. On November 12, 2025, Plaintiff filed the promised *Amended Complaint*, dropping her ADEA-based allegations and proceeding solely on causes of action arising under Puerto Rico law, including Acts 80, 100, and 115. (Docket No. 35). On January 9, 2026, the Court denied Plaintiff's remand bid, ruling that Plaintiff had not contradicted Dillard-Lewis' assertion that complete diversity exists or any facts related to party citizenship or the amount in controversy. (Docket Nos. 1 at 6-7; 22 at 2-3; 42-1 at 2, 5; 47).

On November 25, 2025, Dillard-Lewis filed the instant *Motion to Dismiss* aimed at the *Amended Complaint*. (Docket No. 37). Dillard-Lewis argues that the District of Puerto Rico is neither a district in which it resides nor one in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. Id. at 7-11. In particular, Dillard-Lewis points to the evidence in the Charge of Discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). Id. at 10-11. Dillard-Lewis claims that the Charge substantiates the connection between North Carolina and the discrimination Plaintiff allegedly suffered. Id. For these reasons, Dillard-Lewis claims that Plaintiff cannot satisfy any of the "venue options under Section 1391(b) which would enable her to litigate this civil action in the District of Puerto Rico." Id. at 12. Dillard-Lewis requests that the Court consequently either (a) dismiss this case, or (b) transfer it to the United States District Court for the Eastern District of North Carolina. Id. at 21-22. Dillard-Lewis avers that the factors of (a) parties and witnesses' convenience, (b) the availability of sources of proof, and (c) the public interest all weigh "overwhelmingly" in favor of transferring the case to North Carolina. Id. at 16-21.

On December 19, 2025, Plaintiff filed her *Opposition* to the *Motion to Dismiss*. (Docket No. 41). Therein, she rejects the notion

of either an improper-venue dismissal or a transfer to North Carolina. Id. She insists that Puerto Rico remains an appropriate forum because: she is and has been a longtime Puerto Rico resident; she was hired in Puerto Rico; she traveled often to the Commonwealth for work; and she was terminated while in Puerto Rico. Id. at 8-11. Plaintiff highlights the fact that she was only based out of North Carolina for "a brief two (2) years" out of the more than a decade she spent as a Dillard-Lewis employee. Id. at 17. Plaintiff emphasizes that Dillard-Lewis maintains a significant commercial presence in Puerto Rico and is subject to personal jurisdiction here, making this District an appropriate venue under Section 1391. Id. at 8-9. Plaintiff avers that transfer is unjustified since her chosen forum is entitled to deference, her financial resources are much more strained than Dillard-Lewis', and modern electronic discovery and remote testimony methods render any inconvenience associated with litigating in this District a thing of the past. Id. at 15-17.

On January 8, 2026, Dillard-Lewis filed its *Reply* to the *Opposition*. (Docket No. 44). Dillard-Lewis stresses that Plaintiff has not managed to dispute that its principal place of business is North Carolina, has conflated personal jurisdiction analysis with venue analysis, has not refuted the assertion that operative employment decisions were made in North Carolina, has contradicted

her own EEOC filing, and has failed to rebut Dillard-Lewis' recital of the Section 1404(a) factors. Id. at 2-5.

Lastly, on January 26, 2026, Plaintiff filed a *Surreply*. (Docket No. 49). Therein, Plaintiff again emphasizes that witnesses and evidence may be managed through virtual means, that the EEOC filing is irrelevant, that she retains the presumption in favor of her choice of forum, and that she is financially constrained. Id. at 5-7. Plaintiff also references case law suggesting that the Court ought to examine the entire sequence of events underlying her claim, a sequence she avers includes her time in Puerto Rico both before and after her move to North Carolina. Id. at 5-6.

## II. APPLICABLE LAW

### A. Transfer Under Section 1404(a) of the Judicial Code

28 U.S.C. § 1441(a) governs venue for cases removed from state court and "expressly provides that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending." Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 666 (1953) (internal quotation marks omitted).

Once the identity of the "proper" venue is so established, 28 U.S.C. § 1404 enters the picture. Section 1404 of the Judicial Code of the United States provides that "[f]or the convenience of

parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). This section codified and liberalized the common law doctrine of *forum non conveniens*, which was embraced by the Supreme Court in Gulf Oil Co. v. Gilbert, 330 U.S. 501 (1947). In Norwood v. Kirkpatrick, the Supreme Court reasoned that "Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience" than previously required under the doctrine of *forum non conveniens*. 349 U.S. 29, 32 (1955).

The plaintiff's chosen forum is ordinarily afforded deference. Gulf Oil Co., 330 U.S. at 508 ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); Concilio Mision Cristiana Fuente de Agua Viva, Inc. v. Ortiz-Hernandez, 2024 WL 326796, at *5 (D.P.R. 2024) ("[p]laintiff's choice of venue is accorded a strong presumption in its favor") (internal quotation omitted); Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Nowak v. Tak How Investments, 94 F.3d 708, 720 (1st Cir. 1996).

When determining whether to grant a transfer, the relevant private-interest factors to be examined by a court are:

> [T]he relative ease of access to sources of proof; availability of compulsory process for the attendance of unwilling and the cost of obtaining the attendance of willing witnesses; possibility of view of the premises; if view would be appropriate to the action; and all other practical problems that make trial of a case, easy, expeditious and inexpensive.

Gulf Oil Co., 330 U.S. at 508-509; *see also* Aquakem Caribe, Inc. v. Kemiron Atl., Inc., 218 F. Supp. 2d 199, 201-202 (D.P.R. 2002).

Public-interest factors also have a bearing on the transfer determination. Gulf Oil Co., 330 U.S. at 509. These factors have included "the trial judge's familiarity with the applicable state law, the local interest in adjudicating disputes at home; court congestion in the two forums, [and] the fairness of placing the burden of jury duty on the citizens of the state with greater interest in the dispute." NPR, Inc. v. Am. Int'l Ins. Co. of Puerto Rico, 242 F. Supp. 2d 121, 125 (D.P.R. 2003) (internal quotations omitted).

Considering the aforementioned factors, the decision to transfer under 28 U.S.C. § 1404(a) necessarily requires an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp.*,* 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack*,* 376 U.S. 612, 622 (1964)).

## B. **The Court's Discretion to Transfer**

The decision to transfer is within the Court's discretion. *See* Codex Corp. v. Milgo Elec. Corp., 553 F.2d 735, 737 (1st Cir.

1977). The Court need not determine the best venue but "merely a proper venue." Astro-Med v. Nihon Kohden of Am., 591 F.3d 1, 12 (1st Cir. 2009) (citing Uffner v. La Reunion Francaise, S.A., 244 F.3d 38, 42 (1st Cir. 2001)). Courts may even transfer an action under § 1404(a) on their own initiative. *See* Desmond v. Nynex Corp., 37 F.3d 1484 (1st Cir. 1994) ("It is well settled that a court may transfer a case *sua sponte* pursuant to 28 U.S.C. §§ 1404(a) . . . .") (citing Caldwell v. Palmetto State Sav. Bank, 811 F.2d 916, 919 (5th Cir. 1987)); Lead Indus. Assoc. v. Occupational Safety & Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982).

### III. DISCUSSION

As a threshold matter, the Court **DENIES** Defendant's request for the case to be dismissed under 28 U.S.C. § 1406. This action was removed from the Puerto Rico Court of First Instance to this District. Hence, it is governed by 28 U.S.C. § 1441(a), which "expressly provides that the proper venue of a removed action is the district court of the United States for the district and division embracing the place where such action is pending." Polizzi, 345 U.S. at 666 (internal quotation marks omitted); Lambert v. Kysar, 983 F.2d 1110, 1113 n.2 (1st Cir. 1993) ("the venue of a removed action is not governed by § 1391, but by 28 U.S.C. § 1441(a)"). Given that venue is, therefore, initially

"proper," the dispute then narrows to whether the requested transfer to the Eastern District of North Carolina is warranted.

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court now turns to the private- and public-interest factors bearing on Defendant's 28 U.S.C. § 1404(a) request.

## A. Private-interest Factors

### 1. The convenience of the parties and witnesses

Plaintiff's choice of venue is accorded a "strong presumption" in its favor. Cuadrado Concepción v. United States, 2019 WL 5847216, at *3 (D.P.R. 2019) (citing Coady, 223 F.3d at 11). That said, "[t]he most important factor in deciding whether to transfer an action is the convenience of the witnesses." *See* Colon Perez v. Metan Marine, Inc., 2018 WL 1664697, at *8 (D.P.R. 2018) (quoting Demers, Jr. v. Pilkington N. Am., Inc., 2010 WL 4683780, at *6 (D.N.H. 2010)).

The Court rules that the convenience factor weighs strongly in favor of Defendant, notwithstanding the personal inconvenience Plaintiff incurs in having to travel from Puerto Rico to North Carolina, where she worked for an extended period of time. (Docket

No. 41 at 17). Plaintiff acknowledges that she frequently traveled back and forth between Puerto Rico and North Carolina prior to her more recent relocation back to the island. Id. at 13.

Courts give less weight to a plaintiff's choice of forum when the operative events occurred elsewhere. Colon Perez, 2018 WL 1664697, at *8. In this case, the great majority of the challenged conduct occurred in North Carolina. *See* (Docket No. 37 at 10-11). Defendant has ably outlined how even Plaintiff's own EEOC filing locates the alleged discriminatory and retaliatory conduct to Defendant's Raleigh, North Carolina office. Id. Similarly, the facts pled by Plaintiff in relation to her medical leave, alleged demotion, unequal pay, disputes with coworkers, and hostile work environment in Raleigh all relate to conduct from her two years in North Carolina. *See* (Docket No. 35 at 3-6).

The case law in this District requires parties requesting a Section 1404 transfer on the basis of the convenience of witnesses to clearly specify the key witnesses to be called and provide a general statement as to their testimony. Arroyo-Perez v. Demir Grp. Int'l, 733 F. Supp. 2d 314, 320 (D.P.R. 2010) (citations omitted). Defendant meets this burden, listing eight key witnesses. (Docket No. 37 at 17-18). These witnesses are either upper-level management, alleged to have been involved in the

harassment of Plaintiff, or serve as custodians for relevant files. (Docket No. 37 at 17-18). All reside in North Carolina. Id.

While it is true that Plaintiff generically references the presence of potential witnesses she trained in Puerto Rico, (Docket No. 41 at 8), and attempts to create a Puerto Rico nexus for some relevant facts such as the location of her hiring and firing, id. at 12-18, none of these facts tip the balance in favor of venue in this District. The Court finds that Defendant has made the particularized showing of inconvenience to itself and witnesses necessary to tilt this factor in favor of transfer. On this record, the concentration of key witnesses and operative events in North Carolina outweighs the more generalized and hypothetical Puerto Rico connections Plaintiff identifies.

As a court in this District has noted before, "it makes [more] sense for arguably one person to travel to [the proposed transfer state] than to make all of Defendants' witnesses to [sic] travel to Puerto Rico." Rodríguez-Navarro v. Am. Airlines, Inc., 2016 WL 4179884, at *2 (D.P.R. 2016).

**2. Relative access to sources of proof**

While electronic communication diminishes the relevance of geographic proximity to physical evidence, that "does not render this factor superfluous." Cuadrado Concepción, 2019 WL 5847216, at *3 (quoting In re Volkswagen of Am., Inc., 545 F.3d 304, 316 (5th

Cir. 2008)). To the extent proximity aids in ease of access, evidence about Plaintiff's alleged demotion, her medical leave, the supposedly hostile work environment in Raleigh, accounting and payroll records, and contracting files will be easier to obtain in the Eastern District of North Carolina. Plaintiff has pointed to little in the way of physical evidence located in this District. As such, the Court rules that this factor weighs in favor of transfer.

## B. Public-interest Factors

### 1. Familiarity with the applicable law

"[A] court's familiarity with the applicable law has . . . been recognized in this circuit as an appropriate factor in deciding a motion to transfer." Cuadrado Concepción, 2019 WL 5847216, at *3 (quoting Scholtens v. Gyrus Acmi, Inc., 2019 WL 2528377 (D. Mass. 2019), *R&R adopted*, 2019 WL 2565664). Here, Plaintiff asserts that Puerto Rico law governs her claims. (Docket No. 41 at 18). She has even gone so far as to file an *Amended Complaint* to drop her ADEA-based allegations and proceed solely on causes of action arising under Puerto Rico law, including Acts 80, 100, and 115. (Docket No. 35). Plaintiff freely admits that her choice of forum is a result of "the judicial procedures in Puerto Rico pertaining [sic] labor cases" so she can benefit from "shorter terms for Defendant to answer complaints, expedite process,

employer's obligation to cover employees lawyer fees and recurrent jurisprudence and legislation that vigorously protect employee rights." (Docket No. 41 at 10).

It is far from certain at this juncture whether Puerto Rico law indeed applies to Plaintiff's claims that she was unlawfully terminated, discriminated against, and harassed as a result of conduct mostly occurring in North Carolina. (Docket No. 19-1 at 3-6). Given the uncertainty around the applicable law, this factor weighs only slightly against transfer. *See* BMJ Foods Puerto Rico, Inc. v. Metromedia Steakhouses Co., L.P., 562 F. Supp. 2d 229, 234 (D.P.R. 2008) (transferring case to the Northern District of Texas despite claim arising under Puerto Rico's Act 75 dealership law).

### 2. Local interest and burden of jury duty

Considerations of local interests in adjudicating disputes at home weigh in favor of transferring this case to North Carolina. As outlined above, the claims in this lawsuit stem mostly from the hostile work environment that Plaintiff alleges existed at Defendant's Raleigh office. *See* (Docket No. 37 at 10-11). Hence, citizens in North Carolina have a stronger interest in deciding this case than do Puerto Rico citizens. In turn, that greater interest makes it fairer to burden citizens in North Carolina with jury duty for this case than citizens in Puerto Rico.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Dillard-Lewis's *Motion to Dismiss* and **GRANTS** its *Motion to Transfer* at Docket No. 37.

The Clerk of Court shall **TRANSFER** this case to the Eastern District of North Carolina. This case is now closed in the District of Puerto Rico for statistical purposes.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 15th day of April 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
